IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

REV. DAVID R. WILSON                                                                   PLAINTIFF

VS.                                                         CIVIL ACTION NO. 4:11cv80-CWR-FKB

CITY OF MERIDIAN POLICE DEPARTMENT, ET AL.                        DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* pursuant to 28 U.S.C. § 1915 (e).  The Plaintiff in this case is "free world," is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*.[1]  In this case filed pursuant to 42 U.S.C. § 1983, the Plaintiff has sued the City of Meridian Police Department; Chief of Police, Lee Shelby; Warrant Officer, Rickey Harrison; Mayor of Meridian, Sherry Berry; and Mark McDonald[2] for alleged violations of his Constitutional rights.  For the reasons discussed in this Report and Recommendation, the undersigned recommends one claim should be dismissed with prejudice as "frivolous,"[3] that the

---

[1] The Plaintiff is no stranger to this Court as he has litigated *pro se*, *in forma pauperis* in the Southern District of Mississippi in the following civil actions: 3:97cv878-WHB, 3:01cv520-HTW, 3:06cv31-TSL-JCS, 3:07cv14-TSL-LRA, 3:10cv282-WHB-LRA, and 4:10cv89-DPJ-FKB.  Plaintiff has pursued these actions under various names, including "Minister Rickey Wilson," "Rev. David R. Wilson," and "David Wilson."All of these matters were dismissed in favor of the defendants.

[2] It appears that the Plaintiff alleges that the Defendant, Mark McDonald, works at the City Hall of Meridian.

[3] The term "frivolous" in the context of 28 U.S.C. § 1915(e) does not mean that the plaintiff has failed to state a claim, "but it is to be equated with the raising of a wholly insubstantial federal claim." Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991).  In other words, the action may be dismissed if it has no arguable basis for relief either in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).  Thus, a case may be found to be legally "frivolous" where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  See,

remaining claim should be dismissed as to certain Defendants and stayed as to others, and that this matter should be administratively closed, pending the outcome of state proceedings.

I. Discussion

Before addressing the Plaintiff's claims, the Court observes that the law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32,(1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed"or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). The Court has permitted plaintiff to proceed *in forma pauperis*, thus his complaint is subject to screening by the Court and *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

Plaintiff has sued the Defendants alleging violations of his Constitutional rights. As set forth in the Complaint, it appears that he alleges two claims against these Defendants based upon events that transpired in February and March 2011. In his first claim, the Plaintiff alleges that an unnamed desk officer at the Meridian Police Department would not allow him to file a report against his wife and her son for threatening to kill him on February 4, 2011. In his second claim, it appears that he alleges that the defendants falsely arrested him on February 4, 2011, and again on March 5, 2011, on a charge of domestic violence. As a part of his second claim, he is aggrieved that the police allegedly failed to read him his Miranda rights. Plaintiff also appears to allege these claims as a part of a class action pursuant to Fed. R. Civ. P. 23. The Plaintiff asks

---

e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

for relief in the form of money damages.

A. Right to File Charges Claim

The Court first turns to the Plaintiff's claim that the Defendants denied him a constitutional right when they allegedly failed to allow him to file a charge against his wife and her son. In another case pending before this Court, the Hon. Daniel P. Jordan III, United States District Judge, stated as follows:

> to the extent Plaintiff is alleging that he has been denied his "right to file charges" against two individuals which he alleges have broken the law, his claim is not cognizable under § 1983. The decision to file or not file criminal charges falls within the category of acts that do not give rise to § 1983 liability. Oliver v. Collins, 904 F.2d 278 (5th Cir. 1990)(citing Williams v. Hartje, 827 F.2d 1203, 1209 (8th Cir. 1987); see also Lewis v. Jindal, 368 Fed. Appx. 613 (5th Cir. Mar. 8, 2010 )("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.").

Ingram v. Sollie, Civil Action No. 4:10cv7-FKB, Order ( Docket No. 15 at 1). Because there is no constitutional right to compel criminal prosecution, the Court finds that the Plaintiff's claim fails to rise to the level of a constitutional violation. Accordingly, this claim should be dismissed with prejudice as frivolous as to all Defendants, and the dismissal of this claim will count as a "strike."[4]

B.  False Arrest Claim

Turning to his second claim regarding his false arrest on a charge of domestic violence, it appears that this claim should be dismissed as to some of the Defendants, as well.  With regard to

---

[4]Because a portion of the case is dismissed as "frivolous," it will be counted as a "strike." See Brown v. Harrison County Cir. Ct., 2007 WL 1306422 (S.D. Miss. 2007)(J. Guirola) ("Since a portion of this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), it will be counted as a "strike" pursuant to 28 U.S.C. § 1915(g); see Comeaux v. Cockrell, 2003 WL 21659432 (5th Cir. July 15, 2003). If the Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.").

his claim against the City of Meridian Police Department, this claim cannot stand and should be dismissed. In order to maintain an action pursuant to § 1983, the plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). The Plaintiff names the City of Meridian Police Department as a Defendant in this cause. Under state law, the City of Meridian Police Department is an extension of the City rather than a separate legal entity that may be named as a party in an action. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Hence, the Plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against the defendant City of Meridian Police Department .

With regard to the Mayor of Meridian, Sherry Berry, and Mark McDonald of the City of Meridian, the Plaintiff has failed to make specific allegations against these Defendants. Instead, his claims against these Defendants are vague and factually unsupported allegations. Vague, conclusory allegations by the Plaintiff do not meet the standard required to state a claim under 42 U.S.C. § 1983. See Mills v. Criminal District Court #3, 837 F.2d 677, 678 (5th Cir. 1988). Accordingly, Plaintiff's claim against Berry and McDonald based upon his claim of false arrest should be dismissed.

Finally, broadly construing the Plaintiff's complaint, it appears that the Plaintiff makes allegations of false arrest for domestic violence and a failure to advise him of his Miranda rights against the Chief of Police, Lee Shelby, and the Warrant Officer, Rickey Harrison. Because it appears that the charges were filed in February and March 2011 and are currently pending, and the Plaintiff does not allege that there has been a final adjudication on the charges, the undersigned recommends that this action be stayed as to the remaining Defendants Shelby and

Harrision. See Wallace v. Kato, 127 S. Ct. 1091, 1098 (2007)(finding that it is an approved practice to stay the civil case "until the criminal case or the likelihood of a criminal case is ended."); Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995)(remanding plaintiff's false arrest claim and directing district court to stay action until state criminal proceeding has "run its course"); Busick v. City of Madison, Miss., 90 Fed. App'x 713, 714 (5th Cir. 2004)(where criminal charges were pending at time that district court dismissed plaintiff's false arrest claim, lower "court should have stayed the proceedings in this civil action pending the resolution of the criminal charges").

Finally, the Plaintiff's request to bring these allegations as a class action should be denied, as the Plaintiff has failed to meet the standards set forth in Rule 23 of the Federal Rules of Civil Procedure in that there is no purported class.

Because the undersigned has recommended that this action be stayed pending the outcome of state criminal proceedings, the undersigned recommends that the Clerk of Court mark this action closed for statistical purposes.  Despite such closure, the Court retains jurisdiction, and the case may be reopened if Plaintiff moves to reopen the action after the pending state criminal charge is disposed.  Any such motion should be filed within sixty days of the date the criminal charges are no longer pending.

## II. Conclusion

For the reasons discussed in this Report and Recommendation, the undersigned finds that this action should be dismissed in part, and that the remaining claim should be stayed, with this matter being closed for statistical purposes.  The Plaintiff's claim that he was not allowed to file a criminal report against his wife and her son should be dismissed with prejudice as frivolous as to all Defendants, and this dismissal should count as a "strike."  Plaintiff's claim that he was

falsely arrested on a charge of domestic violence should be dismissed with prejudice as to Defendants City of Meridian Police Department; Mayor of Meridian, Sherry Berry; and Mark McDonald with the City of Meridian City Hall.  Plaintiff's false arrest claim against Chief of Police, Lee Shelby, and Warrant Officer, Rickey Harrison, should be stayed, and this matter closed for statistical purposes, pending the outcome of the state criminal proceedings on Plaintiff's charge of domestic violence.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 23rd day of May, 2011.

       /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE