**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**REV. DAVID R. WILSON**                                                    **PLAINTIFF**

**V.**                                              **CAUSE NO. 4:11-CV-00080-CWR-FKB**

**CITY OF MERIDIAN POLICE DEPARTMENT,**
**CHIEF OF POLICE LEE SHELBY, WARRANT**
**OFFICER RICKEY HARRISON, SHERRY**                          **DEFENDANTS**
**BERRY, AND MARK MCDONALD**

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION**

The above-styled cause is before the Court on the Report and Recommendation[1] of

Magistrate Judge Ball and the related Motion for Report and Recommendation Against the

Defendants and Co-Defendant(s)[2] of the plaintiff, which the Court construes to be an objection to

Judge Ball's conclusions. Having reviewed both documents and considered the governing

authority, the Court adopts the Report and Recommendation in its entirety and rejects the

plaintiff's objections thereto.

**FACTS**

David R. Wilson alleges that on February 3, 2011, he attempted to file a report with the

Meridian Police Department against his former wife and son for threatening him. According to

Wilson, he was arrested the next day and again in March 2011. Wilson also contends that he was

---

[1] Report and Recommendation [Docket No. 5].

[2] Motion for Report and Recommendation Against the Defendants and Co-Defendant(s) [Docket No. 6] (styled by ECF as "Objection to Report and Recommendations") (hereinafter "Plaintiff's Objection").

not read his *Miranda* rights.[3]

Ultimately, Wilson filed suit against the City of Meridian Police Department, the City of Meridian, Chief of Police Lee Shelby, Warrant Officer Rickey Harrison, Meridian Mayor Sherry Berry, and Mark McDonald of the City of Meridian. Wilson proceeds *in forma pauperis*[4] and *pro se*. His Complaint[5] is anything but clear. Beneath the heading styled "The Legal Claims," Wilson complains of the following:

> The class action F.R.C.P. 23 of the Defendant and Co-Defendant [illegible] are a violation of federal law civil procedures 42 U.S.C. § Code Section 1983 under the Mississippi federal law but not limited thereto:
>
> A. The Defendant(s) and Co-Defendant has no legal right(s) whatsoever to:
>
> B. The Plaintiff (Wilson) rights was violated under the 42 U.S.C. Code Section 1983 civil action for deprivation of rights for private action to be brought against the state officials who wrongful deprive individual of their right(s).
>
> C. The plaintiff (Wilson) has the rights to bring this class action F.R.C.P. 23 in the federal court under the 28 U.S.C. § 1343(A)-(1) redness [*sic*] the deprivation under color of any state law statute oridinance [*sic*] regulation custom or usage of any rights priviledge [*sic*] or immunity secure [*sic*] by the Constitution of the United States or by act of Congress providing for equal rights of citizen [*sic*] or all person within the jurisdiction of the United States:
>
> D. 28 U.S.C. § 1331(A) the district court shall have original jurisdiction of all civil action arising under the Constitution law [*sic*] or treaties of the United States[.][6]

## JUDGE BALL'S RECOMMENDATIONS

From this muddled pleading, Judge Ball inferred the presentation of two claims: first, a

---

[3] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[4] 28 U.S.C. § 1915.

[5] Complaint [Docket No. 1].

[6] Complaint at 6-8.

violation of constitutional rights stemming from the Police Department's refusal to accept his complaint on February 4, 2011, and second, a violation of constitutional rights for illegal arrest on February 5, 2011, and on March 5, 2011.[7]

With regard to the first, Judge Ball recommended that the claim be dismissed as a matter of law. "It is well settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution." *Lewis v. Jindal*, 368 Fed. Appx. 613, 614 (5th Cir. 2010).

Judge Ball also recommended dismissal of the second claim against the Meridian Police Department. Because Wilson sued the City of Meridian, and because state law provides that the City's Police Department is a mere extension of the City,[8] Judge Ball reasoned that the Police Department should be dismissed as redundantly pled.[9]

The same recommendation emerged regarding Sherry Berry and Mark McDonald. Judge Ball concluded that Wilson's false-arrest claims against Berry and McDonald "are vague and factually unsupported allegations"[10] that should be dismissed. The Complaint appears to lack any factual averments at all against Berry or McDonald, specific or general.

Finally, because the charges for which Wilson was arrested in February 2011 and March 2011 are still pending, Judge Ball recommended staying the action as to Chief of Police Lee

---

[7] Report and Recommendation at 2.

[8] *See Bradley v. City of Jackson*, 2008 WL 2381517, *2 (S.D. Miss. 2008) (Lee, J.); *Hammond v. Shepherd*, 2006 WL 1329507, *1 (Wingate, C.J.).

[9] *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

[10] Report and Recommendation at 4.

Shelby and Warrant Officer Rickey Harrison.[11] Judge Ball suggested that the action be marked closed by the clerk of the court for administrative and statistical purposes.

## WILSON'S OBJECTIONS

Two days after Judge Ball tendered his recommendations, Wilson submitted an apparent objection to Judge Ball's conclusions. However, the objection makes no specific arguments against Judge Ball's specific recommendations and, instead, complains that the federal courts are biased against him because of his race. For example, Wilson contends that by declining to issue subpoenas in his cause, "this honorable court is practice [*sic*] a (Jim crow law) and prejudice and showing bias against the plaintiff."[12] Wilson also predicts that "this honorable court is Jim Crow law [*sic*] will dismiss his claims on the ground of prejudice and bias against the plaintiff (Wilson) because most of them is white officals [*sic*] and one black officer, the State of Mississippi federal system hate all black America just like J. Edgar Hoover watch this case be dismiss."[13]

Wilson goes on to recite, in very general terms, the authorities governing his case. For example, he invokes the district court's original jurisdiction pursuant to Title 28, Section 1331 of the United States Code,[14] and he correctly observes that Title 42, Section 1983 of the United States Code permits private actions for violations of constitutional rights by state officials acting

---

[11] *Wallace v. Kato*, 127 S. Ct. 1091, 1098 (2007); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *Busick v. City of Madison, Miss.*, 90 Fed. Appx. 713, 714 (5th Cir. 2004).

[12] Plaintiff's Objection at 4.

[13] Plaintiff's Objection at 4.

[14] Plaintiff's Objections at 5.

under color of state law.[15] Wilson also cites *Miranda v. Arizona*[16] for the proposition that "prior to any question the person must be warned that he or she has a right to remain silent that any statement he does make may be used as evidence against him and that he has a right to the presence of an attorney either retainer [*sic*] or appointed."[17]

But Wilson does not identify with any degree of particularity an instance in which Judge Ball erred as a matter of law. A party's objections to a magistrate judge's recommendations must be "specific" in order to be properly before a district judge.[18] "A litigant who objects only in vague or general terms to the magistrate judge's recommendation, thereby preventing the district court from focusing on specific issues for review, renders the initial reference to the magistrate judge useless . . . . Such an objection does not constitute an 'objection' . . . ."[19]

Moreover, portions of any objection that amount to nothing more than personal attacks against judicial officers, such as the magistrate judge, should be stricken,[20] and this Court declines to address them.

Finally, even if Wilson had registered specific objections to Judge Ball's conclusions, this Court still would not grant the requested relief because Judge Ball's recommendations were not

---

[15] Plaintiff's Objections at 5-6.

[16] *Miranda v. Arizona*, 384 U.S. 486 (1966).

[17] Plaintiff's Objections at 6.

[18] *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[19] *Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D.N.C. 1997).

[20] *Skil Corp. v. Lucerne Prods., Inc.*, 489 F. Supp. 1129, 1133 (N.D. Ohio 1980).

erroneous.[21]

Therefore, the Court adopts the Magistrate Judge's Report and Recommendations and dismisses Wilson's objections.

Moreover, because the substance of Wilson's subsequent motions[22] for the judges of this district to recuse themselves closely reflect the substance of the objection herein overruled, those motions likewise shall be considered denied.

SO ORDERED this Tenth day of August 2011.


    /s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[21] Because Judge Ball's Recommendations concern matters that are dispositive, they are reviewed *de novo*. Fed. R. Civ. P. 72(b)(3).

[22] Motion to Disquifiy [*sic*] the Judge's [*sic*] [Docket No. 7]; Motion to Disquify [*sic*] the Judge's [Docket No. 9].